# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-333V
### Filed: February 15, 2017
### UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SHELLY M. PINCKARD, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza; |
| | * | Shoulder Injury; SIRVA; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Daniel Mark Soloway, Soloway Law Firm, Pensacola, FL, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 15, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she experienced a left shoulder injury following her September 19, 2013 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 21, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On February 15, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of $1,845,047.00 and an amount sufficient to purchase an annuity contract as described in Proffer Section A. Petitioner agrees with the amounts set forth in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1-2.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

- **A lump sum payment of $1,845,047.00, representing $6,798.00 for future life care expenses for the first year following entry of judgment, $21,568.00 for past unreimbursable expenses, $175,000.00 for past and future pain and suffering at next present value, and $1,641,681.00 for past and future loss of earnings at net present value, in the form of a check payable to petitioner, Shelly M. Pinckard; and**

- **An amount sufficient to purchase the annuity contract described in the Proffer Section A.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

SHELLY M. PINCKARD,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 16-333V
Chief Special Master Nora Beth Dorsey
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 20, 2016, respondent filed her Rule 4(c) Report, in which she recommended that

the Court find petitioner entitled to compensation, and on July 21, 2016, the Court entered its

Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers

that petitioner receive an award as follows:

**A. Life Care Items Beginning on the First Anniversary of Judgment.**

Respondent proffers an amount sufficient to purchase an annuity contract described

below in this Section A of this Proffer, paid to the life insurance company from which the

annuity will be purchased (the "Life Insurance Company").[1]

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

a.  For future medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,000.00 to be paid up to the anniversary of the date of judgment in year 2048, then beginning on the anniversary of the date of judgment in year 2048 an annual amount of $2,470.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

b.  For medications, beginning on the first anniversary of the date of judgment, annual amount of $1,283.88 to be paid up to the anniversary of the date of judgment in year 2048, then beginning on the anniversary of the date of judgment in year 2048 an annual amount of $13,541.76 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

c.  For future supplies and equipment, beginning on the first anniversary of the date of judgment, an annual amount of $111.92 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due.  Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

---

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2

**B.     Remaining Compensation for Damages Available under
        42 U.S.C. § 300aa-15(a).**

In addition to the compensation proffered above in Section A of this Proffer, respondent

proffers a lump sum of **$1,845,047.00** in the form of a check payable to petitioner.[2]  This amount

represents all remaining compensation for damages that would be available under 42 U.S.C.

§ 300aa-15(a).[3]

Petitioner agrees with the proffered award stated above in Sections A and B of this

Proffer.[4]

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[2]  This sum consists of $6,798.00 for future life care plan expenses for the first year following the
entry of judgment; $21,568.00 for past unreimburseable expenses; $175,000.00 for past and
future pain and suffering at net present value; and $1,641,681.00 for past and future loss of
earnings at net present value.

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

[4]  This proffer does not include any award for attorneys' fees and costs that may be awarded
pursuant to 42 U.S.C. § 300aa-15(e).

4

<u>s/ RYAN D. PYLES</u>
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated:  February 15, 2017

4